IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARY GRAMMONT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-14270 |
| | ) Honorable David M. Lawson |
| OPEN DEALER EXCHANGE, LLC, | ) ) |
| Defendant. | ) |

## PROPOSED JOINT CASE MANAGEMENT PLAN AND SCHEDULING ORDER

In accordance with the Court's Notice to Appear for Case Management Status and Scheduling Conference (E.D. Mich. Doc. 4) ("Notice"), Plaintiff, Mary Grammont, and Defendant, Open Dealer Exchange, LLC ("ODE"), submit this Proposed Joint Case Management Plan and Scheduling Order in lieu of the statements described in the Notice (*see id.* at 2).

Prior to the Court's Notice, the parties had met and conferred pursuant to Fed. R. Civ. P. 26(f) and had submitted a Joint Rule 26(f) Report to the United States District Court for the Central District of California (*see* C.D. Cal. Doc. 30). That report was mooted by the transfer of this action to this Court (*see id.* ¶ 1). Accordingly, at the request of counsel for ODE, counsel for Plaintiff and ODE met and conferred on October 12, 2011, to supplement and modify their Joint Rule 26(f) Report in light of this Court's Notice concerning issues to discuss during the October 20, 2011, Scheduling Conference (*see* E.D. Mich. Doc. 4 at 2).

Accordingly, the parties submit this Proposed Joint Case Management Plan and Scheduling Order for the Court's consideration. All matters set forth herein were agreed to by the parties, unless different positions are noted.

1.  **Case Summary & Principal Issues**

Plaintiff: Defendant 700 Credit, LLC ("700 Credit") is regulated as a "consumer reporting agency" ("CRA") and "reseller" of credit information under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. Defendant is also similarly regulated as a "consumer credit reporting agency" ("CCRA") under the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1-1787.3. Defendant has been selling credit reports falsely marking Plaintiff – and numerous other American consumers – as "deceased." When living consumers learn of this or other inaccuracies on their 700 Credit reports, they have the right to obtain a copy of their entire credit file and to receive specific statutorily-mandated information that would advise them of their rights under the FCRA and CCRAA, including the proper methods for correcting such credit inaccuracies. Defendant, however, gives consumers the run-around and intentionally deprives them of these disclosures. Defendant fails to disclose to consumers all information in their file that it assembled and sold about them; it fails to follow procedures that assure maximum possible accuracy in preparing credit reports; it fails to obtain a permissible purpose certification prior to selling reports for consumers such as Plaintiff; it fails to provide consumers with their rights under the FCRA and CCRAA; it misleads consumers about their right to have inaccurate information corrected; and it imposes improper barriers for consumers seeking to correct errors on their 700 Credit reports. This lawsuit seeks to redress Defendant's widespread and reckless non-compliance with the FCRA and CCRAA. As the same reality experienced by Ms. Grammont confronts the many other consumers she seeks to represent, Plaintiff respectfully submits that the legality of Defendant's practices under the FCRA and CCRAA, can be, and should be, adjudicated on a class-wide basis.

Defendant: ODE, through its unincorporated division 700 Credit, LLC ("700 Credit"), provides services to automobile dealerships, including re-selling those dealerships products to

assist in evaluating customers for identity fraud (*see* C.D. Cal. Doc. 17-1 ¶ 6). When a dealership orders a product from ODE, it in turn orders reports or products from entities like Experian and then assembles those reports or products into a unique ODE product (*id.* ¶ 9).

On May 18, 2011, Plaintiff filed this putative class action lawsuit against 700 Credit (*see* C.D. Cal. Doc. 1). She avers that while purchasing a car, she was incorrectly marked as "deceased" on a "Red Flag ID" product sold by ODE to her automobile dealership (*id.* ¶¶ 47-50). Plaintiff makes no claim that the alleged error was not rectified immediately, nor does she aver that she was unable to obtain financing or purchase the car (*see* C.D. Cal. Doc. 1). In fact, the "deceased" mark resulted from the dealership's entry of a social security number other than Plaintiff's, and per ODE's "Red Flag" procedures, the dealership immediately verified Plaintiff's identity and that she was not deceased.

Nevertheless, Plaintiff claims that ODE is liable under the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA") for failing to: (a) follow reasonable procedures to ensure maximum possible accuracy; (b) sell its product for a permissible purpose; (c) properly reinvestigate her complaint; and (d) provide disclosures to her (*id.* ¶¶ 82-91). Plaintiff seeks to represent four putative classes of California residents (*id.* ¶ 72).

On July 21, 2011, ODE filed its Answer and Affirmative Defenses to Plaintiff's Complaint (C.D. Cal. Doc. 18) and moved to transfer this action to this Court (C.D. Cal. Doc. 17), which the Central District of California Court granted over Plaintiff's objections (C.D. Cal. Doc. 35). The Court also granted, over Plaintiff's objections, Defendant's motion to substitute ODE for 700 Credit as the named defendant (*id.*).

ODE submits that Plaintiff's claims (and those purportedly brought on behalf of putative classes) raise a number of issues under the FCRA and CCRAA and that those claims are flawed, both legally and factually, for a number of reasons including but not limited to:

a. Plaintiff suffered no injury in fact as a result of ODE's alleged conduct (*e.g.*, she was not adversely affected by the alleged error on the "Red Flag ID" product, as the "deceased" notation was due to the dealership's data-entry error of her social security number (the wrong numbers were entered), and the dealership, following ODE's Red Flag ID procedures, immediately verified her identity and rectified the alleged error);

b. Even if Plaintiff had been injured, such an injury was the result of the actions of third parties (*e.g.*, the dealership), not ODE;

c. ODE's product about which Plaintiff complains is not governed by the FCRA or the CCRAA, as it is was not purchased for any purpose bringing it within the ambit of those statutes (*e.g.*, to evaluate Plaintiff's credit-worthiness);

d. Even if the product about which Plaintiff complains was governed by the FCRA or the CCRAA, the product was accurate and, therefore, she cannot prevail on her claims;

e. Even if the product about which Plaintiff complains was governed by the FCRA or the CCRAA, Plaintiff cannot prove that ODE acted negligently or willfully, as required to prevail on her claims;

f. Even if ODE was subject to the duties Plaintiff cites, it carried out those duties in all respects, as will be shown by the evidence in this case; and

g. The nature of Plaintiff's claims and ODE's defenses renders the prospect of class certification unworkable under the standards of Fed. R. Civ. P. 23 because, *inter alia*, Plaintiff's claims necessarily require transaction-specific analyses to determine liability for each putative class member, thereby preventing findings of commonality, predominance, or manageability, and

Plaintiff's unique transaction (and ODE's defenses to her claim) render her atypical and inadequate. *See, e.g., Dukes v. Wal-Mart Stores, Inc.*, 131 S. Ct. 2541 (2011); *Corwin v. Lawyers Title Ins. Co.*, 2011 U.S. Dist. LEXIS 84232 (E.D. Mich. Aug. 1, 2011).

**2. Jurisdiction**

Plaintiff claims that this Court has federal-question jurisdiction under 28 U.S.C. § 1331 because she asserts a claim under the FCRA. ODE maintains that if Plaintiff has suffered no injury in fact, then she does not have standing to sue under Article III of the U.S. Constitution, and has no claim.

**3. Relationship to Other Cases**

The parties currently are not aware of any related cases.

**4. Insurance**

ODE currently is not aware of any insurance available to satisfy part or all of a judgment. ODE's service agreement with Plaintiff's dealership contains an indemnification provision that may apply if a judgment was entered against ODE.

**5. Progress of Discovery**

**A. Protective Order**

Prior to and, if necessary, during the Case Management Status and Scheduling Conference, the parties will discuss the need for a stipulated proposed protective order and, should they reach an agreement, submit a stipulated proposed protective order in accordance with this Court's Practice Guidelines.

If Plaintiff does not agree to such an order, ODE intends to request that the Court enter a protective order.

**B.     Initial Disclosures**

The parties will serve their Rule 26(a)(1) initial disclosures within 14 days of the Case Management Status and Scheduling Conference, as required by this Court's Practice Guidelines.

**C.     Written Discovery**

<u>Plaintiff</u>: Plaintiff will serve her initial interrogatories, requests for production of documents, and/or requests for admissions within fourteen (14) days of the Case Management Status and Scheduling Conference.

<u>Defendant</u>: ODE will serve its initial interrogatories, requests for production of documents, and/or requests for admissions prior to the Case Management Status and Scheduling Conference.

**D.     Depositions**

<u>Plaintiff</u>: Plaintiff intends to take the depositions of ODE's corporate representatives pursuant to Rule 30(b)(6), and any fact witnesses identified in its discovery requests. Plaintiff additionally anticipates taking the depositions of several third parties, including Moss Chevrolet, Experian Information Solutions, Trans Union, LLC and Equifax Information Services. Plaintiff may take additional depositions if discovery shows the need for such depositions.

<u>Defendant</u>: ODE intends to take Plaintiff's deposition as soon as reasonably practicable.

**E.     Third-Party Subpoenas**

The parties have not served any third-party subpoenas but will do so, if necessary, by the deadline set by the Court.

**F.     Experts**

The parties have not identified experts but will do so, if necessary, by the deadline set by the Court.

6.  **Proposed Case Management Plan**

    A.  **Discovery**

    The parties propose the following plan for discovery. Different positions are noted where applicable.

    1.  **Bifurcation**

    ODE believes that it is in the interest of judicial economy and will conserve party resources to have class certification discovery, the class certification determination, class notice (if necessary), and the opt-out deadline precede merits discovery. "Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. Courts commonly bifurcate discovery between certification issues and those related to the merits of the allegations." Manual for Complex Litigation, Fourth § 21.14, at 256; *see, e.g., Freeman v. Cincinnati Gas & Elec. Co.*, 2005 U.S. Dist. LEXIS 42523, at *15 (S.D. Ohio Oct. 27, 2005).

    Accordingly, ODE proposes that discovery initially be limited to Plaintiff's individual claims and class certification issues, prior to the Court's ruling on any class certification motion. ODE proposes that after the Court renders a decision as to class certification, the Court set a scheduling conference to address, as appropriate, notice to the class, opt-out and other deadlines, the completion of merits discovery, dispositive motion practice, trial preparation, and trial (whether or not on a class action basis). *See infra* ¶ 6.D.

    Plaintiff does not oppose the bifurcation of discovery per se provided that there is a clear understanding that the merits of the named Plaintiff's claims will take place in the first phase along with discovery on class certification issues.

    2.  **Preservation of Discoverable Information**

    <u>Plaintiff</u>: Plaintiff has preserved the documents in her possession.

    <u>Defendant</u>: ODE has implemented a retention plan to preserve discoverable information.

- 7 -

### 3. Rule 26(a)(1) Disclosures

The parties propose that they exchange Rule 26(a)(1) disclosures within 14 days of the Case Management Status and Scheduling Conference, as required by this Court's Practice Guidelines.

### 4. Discovery Cut-Off Date

The parties propose a discovery cut-off date for the completion of non-expert discovery of 180 days after the Court enters its Case Management Order.

ODE proposes that, prior to a ruling on class certification, discovery be limited to Plaintiff's individual claims and class certification issues. *See* ¶ 6.A.1, *supra*.

### 5. Experts

The parties propose the following schedule for expert discovery:

#### a) Plaintiff

Plaintiff shall have until 90 days prior to the discovery cut-off date established by Paragraph 6(A)(3) to identify her experts, if any, on class certification issues, and provide a curriculum vitae for each expert that lists all prior testimony with full case citations. The Rule 26(a)(2)(B) report for any expert(s) shall be provided by the discovery cut-off date established by Paragraph 6(A)(3). Plaintiff's expert shall be deposed within 60 days of the discovery cut-off date established by Paragraph 6(A)(3).

#### b) Defendant

ODE shall have until the discovery cut-off date established by Paragraph 6(A)(3) to identify its experts, if any, on class certification issues, and provide a curriculum vitae for each expert that lists all prior testimony with full case citations. The Rule 26(a)(2)(B) report for any expert(s) shall be provided within 90 days after the discovery cut-off date established by

Paragraph 6(A)(3) (ODE's expert reports may rebut Plaintiff's expert reports). ODE's expert shall be deposed within 120 days of the discovery cut-off date established by Paragraph 6(A)(3).

### 6. Electronically Stored Information

The parties will promptly meet and confer on this topic.

### 7. Privilege Issues

The parties have not identified any issues of privilege to raise with the Court at this time.

### 8. Modification of Discovery Plan

The parties propose that the Court modify the discovery plan, for good cause, by stipulation of the parties or by motion of either party.

### B. Class Certification

The parties propose that Plaintiff have until 30 days after the close of expert discovery to file a motion for class certification together with all supporting evidence; ODE have 90 days after the close of expert discovery to oppose Plaintiff's certification motion, if filed, together with all supporting evidence; and Plaintiff have 105 days after the close of expert discovery to file a reply in support of her certification motion, if filed; and the Court set a hearing date after briefing is complete.

### C. Other Motions

The parties propose that prior to the hearing on class certification, they may bring any motion appropriate under the federal or local rules. The parties propose that after a ruling on Plaintiff's motion for certification, if filed, the Court set a scheduling conference and establish a schedule for any remaining discovery and remaining pretrial, non-dispositive, and dispositive motions.

ODE notes that the filing of motions prior to a determination on class certification is subject to ODE's rights under the one-way intervention rule. *See, e.g., Becherer v. Merrill*

*Lynch, Pierce, Fenner & Smith, Inc.*, 193 F. 3d 415, 430 (6th Cir. 1999); *Kissling v. Ohio Cas. Ins. Co.*, 2010 U.S. Dist. LEXIS 48271, at *5 (E.D. Ky. May 14, 2010).

**D.     Pretrial & Trial**

The parties propose that following a ruling on class certification, the Court hold a case management status and scheduling conference to discuss pretrial and trial matters, including, if appropriate, class notice, opt-outs, the completion of merits discovery, dispositive motion practice, trial preparation, and trial. With respect to class notice, if certification is granted in whole or part, Plaintiff shall present Defendant with a proposed plan of notice. Thereafter, the parties shall meet and confer about class notice and present a joint plan for class notice to the Court. If they are unable to agree, the parties shall file their respective positions on any issue concerning notice, pursuant to a briefing schedule to be set by the Court.

**7.     Outstanding or Anticipated Discovery Disputes**

The parties currently have no outstanding or anticipated discovery disputes. Should any dispute arise, the parties shall follow the discovery procedures outlined in this Court's Practice Guidelines.

**8.     Amendments to Pleadings & Additional Parties**

The parties propose that Plaintiff shall have 45 days after the Court enters its Case Management Order to amend her complaint, including by adding any parties, and that Defendant shall have 75 days after the Court enters its Case Management Order to amend its answer or add any parties. Additionally, the parties propose that they be permitted to seek leave to amend their pleadings or add any parties upon a showing of good cause.

**9.     Contemplated Motions**

At this time, the parties have no contemplated motions.

**10. Estimated Trial Length**

Prior to a ruling on Plaintiff's motion for class certification, the parties cannot meaningfully estimate the length of trial. If Plaintiff's claims are tried individually, the parties currently anticipate that a trial on liability and damages would require three to five days. If a motion for class certification is granted, depending on the claim(s) certified and the number of class members who do not opt-out, the parties currently anticipate that a trial on liability and damages would require several weeks.

ODE further notes that the length of trial will be affected by the elements that Plaintiff will have to prove to establish the class claims, if certified, and to overcome ODE's defenses.

**11. Settlement & Alternative Dispute Resolution**

The parties have reviewed Mich. Ct. R. 2.403 concerning a case evaluation and do not believe that a case evaluation would be useful. At this time, no settlement discussions have taken place or are scheduled.

Dated: October 13, 2011

        Respectfully Submitted,

    By:    /s/ Charles A. Newman
            Charles A. Newman
            Jason E. Maschmann
            SNR DENTON US LLP
            One Metropolitan Square
            211 N. Broadway, Suite 3000
            St. Louis, Missouri 63102
            Telephone: (314) 241-1800
            Facsimile: (314) 259-5959
            charles.newman@snrdenton.com
            jason.maschmann@snrdenton.com

            Michael J. Duvall (Application for Admission Pending)
            SNR DENTON US LLP
            601 South Figueroa Street, Suite 2500
            Los Angeles, California 90017
            Telephone: (213) 623-9300
            Facsimile: (213) 623-9924
            michael.duvall@snrdenton.com

            I.W. Winsten
            HONIGMAN MILLER SCHWARTZ & COHN LLP
            660 Woodward Avenue
            2290 First National Building
            Detroit, Michigan 48226
            Telephone: (313) 465-7000
            Facsimile: (313) 465-8000
            iww@honigman.com

            Counsel for Defendant,
            Open Dealer Exchange, LLC

By:    /s/ Geoffrey H. Baskerville
James A. Francis (Application for Admission Pending)
John Soumilas (Application for Admission Pending)
Geoffrey H. Baskerville (Application for Admission Pending)
FRANCIS & MAILMAN. P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215)735-8600
Facsimile: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
gbaskerville@consumerlawfirm.com

Counsel for Plaintiff,
Mary Grammont