UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY GRAMMONT,

        Plaintiff,

                                      Case Number 11-14270

v.                                      Honorable David M. Lawson

OPEN DEALER EXCHANGE, LLC,

        Defendant.

_____ /

## STIPULATED PROTECTIVE ORDER

The parties have presented the Court with a stipulated protective order.  In accordance with the parties' stipulation,

It is hereby **ORDERED** that:

1.  Defendant, Open Dealer Exchange, LLC, and Plaintiff, Mary Grammont, hereinafter referred to as the Parties (or a Party, respectively), and their attorneys and representatives have agreed that certain documents, things, materials, and/or information derived therefrom, which may be provided by a Party to this agreement will be treated as confidential.  Such information designated by the producing party as "Confidential Material" is subject to the terms and conditions described herein.  Documents and information designated as "Confidential" and produced in this litigation between the Parties, or produced by any third party in response to a subpoena, are entitled to the protections specified in this Order.

2.  For purposes hereof, the term "Confidential Material" shall mean any and all documents, material, or information concerning the products, projects, activities, marketing, promotion, business, personal, or financial affairs of any Party, putative class member, or third party to this case that such party believes, in good faith, would qualify for a protective order if sought from the Court.

3.  Prior to furnishing Confidential Material pursuant to this Order, the Confidential Material shall be prominently marked "Confidential," on all pages of documents or on the outside of non-paper media, by the person or entity producing them.  The person or entity producing them shall also identify in a separate written notice to a Party the documents designated as "Confidential." Documents or information may be identified "Confidential" only when the person or entity designating the documents or information reasonably believes that the documents or information contain information that is proprietary and/or confidential in nature under the standard of Paragraph 2 of this Order.

4.  Confidential documents and information produced by third parties may also be designated "Confidential" by a Party.  Confidential documents and information produced by third parties will be designated Confidential by the Party claiming confidentiality using the following procedure:  the designating Party shall have ten (10) business days, which may be extended by agreement, after the receipt of the documents or information to provide a log to the other Party, by Bates number, if available, or by sufficient description to identify the documents or information to be designated as Confidential Material.  The Parties will then prominently mark all such documents or information in their possession as "Confidential."   During the period in which a Party may designate as Confidential documents or information produced by third parties, any documents or information produced by third parties shall be treated as Confidential.

5.  If a person or entity inadvertently fails to designate a document or information as Confidential, the producing person or entity may within ten (10) business days, which may be extended by agreement, of the initial production be permitted to make such a designation by notifying the receiving Party in writing.

6.   In the event that a Party receiving materials marked Confidential believes that certain material has been improperly designated Confidential, it may notify the producing person or entity of its belief.  The notification must identify the material at issue by Bates number or other sufficient description.  If the parties are not able to informally resolve the matter, then the designating Party shall have fourteen (14) days from the date of production to move the Court to enter an order designating the material as warranting Confidential treatment.  The parties may jointly agree to extend the time for submitting such a dispute if they believe doing so will avoid the potentially unnecessary expenditure of resources by the Court.  All materials at issue shall be treated as Confidential until the Court rules otherwise.  The burden of proof shall be on the person or entity asserting confidentiality to demonstrate that the information should in fact be treated as Confidential.

7.   The Parties agree that documents or information designated as Confidential will not be disclosed to persons other than the Parties, their employees, agents, counsel, retained experts, or consultants, the Court or Court personnel, or persons or entities approved by the designating party.  Any person, except for counsel, a Party, or the Court or Court personnel, shown a Confidential document or Confidential information must agree to be bound by the terms of this Order prior to the disclosure to that person of a Confidential document or Confidential information by signing the Certification attached hereto as Exhibit A.

8.   Should counsel wish to furnish a document or disclose any information designated as Confidential pursuant to this Order to a person other than those set forth in paragraph 7 above, counsel shall, before furnishing the document or disclosing the information, obtain a signed Certification in the form attached hereto as Exhibit A.  However, nothing about this agreement shall require one party's counsel to disclose to the opposing party or such party's counsel the identity of

the persons to whom Counsel has shown information designated as Confidential or from whom Counsel has obtained a Certification.  Counsel shall keep executed copies of these Certifications until the conclusion of this litigation.

9.  Confidential Material may be used during depositions.  Designation of the portion of the deposition transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of the transcript, by counsel for the Party or non-party to whose Confidential Material the deponent has had access, which counsel shall so designate within ten (10) business days after counsel's receipt of the transcript.  During those ten (10) business days, the entire deposition transcript, including exhibits, shall be deemed Confidential unless it is otherwise agreed to by the Parties within the 10-day period of time that some portion of the transcript is not Confidential and need not be treated as Confidential pursuant to the terms of this Order.

10.  Counsel shall not furnish any document or disclose any information contained in any document designated as Confidential pursuant to this Order except as provided herein.  Documents and information designated as Confidential pursuant to this Order shall be used solely for the purposes of prosecuting or defending this action and shall not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, soliciting plaintiffs to substitute into or join this action, or any other litigation or matter.

11.  This Order shall not limit the right of the respective Parties to disclose their own Confidential Material to any persons or entities of their own choosing.  Such disclosure shall not waive the protection of this Order.

12.  Documents containing Confidential Material shall not be filed with the Court unless it is reasonably necessary to do so for purposes of trial, motions (including without limitation, motions for class certification or summary judgment), or other Court matters.  The filing party shall apply to file Confidential Material under seal under Fed. R. Civ. P. 26(c)(1)(H) and Local Rule 5.3.

13.  This Order does not authorize the filing of any documents under seal.  Documents may be sealed only if authorized by statute, rule, or order of the Court.  A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a memorandum of legal authority supporting the seal.  *See* Local Rule 5.3.  The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.  Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required.  The proposed order shall be submitted to the judge to whom the case is assigned or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF.  If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant.

14.  The Confidential status of all documents and information governed by this Order shall survive the conclusion of this litigation.  All documents and information governed by the terms of this Order (and all copies of the documents and information) shall be destroyed or returned within thirty (30) days to the producing party upon the written request of that party following the termination of litigation between and among any of the Parties now or hereafter named in this

litigation, including final appellate action or the expiration of time to appeal or seek further review, except where such documents or information become part of the record or are marked or identified as work product, in which event the Parties will continue to treat the documents or information as Confidential Material subject to this Order.

15.  This Order shall in no way affect or impair the right of any Party to raise or assert any claim, defense or objection including, but not limited to, defenses or objections to the discovery or production of documents or information, and to the use or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Order.

16.  Documents or information subject to a claim of attorney-client privilege or work-product immunity that are inadvertently or mistakenly produced shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such documents or information.  Upon notice to the receiving Party that such documents or information has been inadvertently or mistakenly produced and is subject to a claim of immunity or privilege, within seven (7) days of that notice, the documents or information for which a claim of inadvertent or mistaken production is made shall be returned, all copies of the documents or information shall be destroyed, and the receiving Party shall provide the producing party with written certification of such destruction.  The Party returning such documents or information may thereafter request, pursuant to the Court's Practice Guidelines, that the Court compel production of such documents or information.

17.  In the event that a person or entity in possession, custody, or control of any Confidential Material receives a subpoena or other request from a person or entity not a Party to this case to produce Confidential Material, the requested person or entity shall give written notice within three

(3) days of the request to the designating party of the subpoena request (including a copy of the subpoena or request) and refrain from producing any Confidential Material until the earlier of: (a) written notice from the designating party that it does not object to production; (b) final resolution, by court order or written agreement, of any objections by the designating party to production; or (c) the response date for the subpoena or other request. If the designating party objects to production, the requested person or entity shall refrain from producing any Confidential Material until the resolution of the objections. The requested person or entity shall be required to comply with any court order or agreement obtained by the designating party modifying, staying, or quashing the subpoena or request.

18. The provisions of this Protective Order may be modified by: (a) written agreement of the Parties and approval by the Court; or (b) application of a Party to the Court, for good cause shown.

19. The Parties agree that until the Court approves this Stipulated Proposed Protective Order, it shall be effective as a binding agreement between the Parties.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 12, 2012

Stipulated to by:

/s/ Michael J. Duvall
Charles A. Newman                           Michael J. Duvall
Jason E. Maschmann                          SNR DENTON US LLP
SNR DENTON US LLP                           601 South Figueroa Street, Suite 2500

-7-

One Metropolitan Square
211 N. Broadway, Suite 3000
St. Louis, Missouri 63102
Telephone:  (314) 241-1800
Facsimile:  (314) 259-5959
charles.newman@snrdenton.com
jason.maschmann@snrdenton.com

I.W. Winsten
Honigman Miller Schwartz & Cohn LLP
660 Woodward Avenue
2290 First National Building
Detroit, Michigan 48226
Telephone:  (313) 465-7000
Facsimile:  (313) 465-8000
iww@honigman.com
Counsel for Defendant

Los Angeles, California 90017
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924
michael.duvall@snrdenton.com

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 12, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

-8-